Mr. Matthew D. Bordelon General Counsel Holley-Navarre Fire Protection District Post Office Box 12643 Pensacola, Florida 32574-2643
Dear Mr. Bordelon:
On behalf of the Holley-Navarre Fire Protection District, you ask substantially the following questions:
1. Does section 191.009(4), Florida Statutes, authorize the Holley-Navarre Fire Protection District to levy impact fees in the absence of any other statutory authorization?
2. If not, may Santa Rosa County collect fire protection impact fees and share such fees with the fire protection district?
In sum:
1. Section 191.009(4), Florida Statutes, does not authorize the Holley-Navarre Fire Protection District to levy impact fees in the absence of any other statutory authorization.
2. While it appears that a properly imposed impact fee for fire protection may be imposed by a county and may be distributed to a fire control district under certain conditions, the determination of whether the imposition of such an impact fee is warranted and whether a dual county-district purpose exists is one which the board of county commissioners, as the legislative head of the county, must make.
Question One
The Holley-Navarre Fire Protection District (the district) was created by special act[1] in Santa Rosa County and is authorized to levy special assessments against taxable real estate within the district for fire protection.[2]
In 1997, the Legislature enacted Chapter 191, Florida Statutes, the "Independent Special Fire Control District Act,"[3] (act) to provide standards, direction, and procedures concerning the operations and governance of independent special fire control districts as well as greater uniformity in the financing authority of such districts.[4] The term "Independent special fire control district" is defined by section 191.003(5), Florida Statutes, to mean:
"an independent special district as defined in s. 189.403, created by special law or general law of local application, providing fire suppression and related activities within the jurisdictional boundaries of the district. The term does not include a municipality, a county, a dependent special district as defined in s. 189.403, a district providing primarily emergency medical services, a community development district established under chapter 190, or any other multiple-power district performing fire suppression and related services in addition to other services."
Each district is required to comply with the act,[5] regardless of other more specific provisions of any special act or general law of local application creating the charter of the district.
Section 191.006(11), Florida Statutes, provides that the district shall have, and the board may exercise by majority vote, the power:
"To charge user and impact fees authorized by resolution of the board, in amounts necessary to conduct district activities and services, and to enforce their receipt and collection in the manner prescribed by resolution and authorized by law. However,the imposition of impact fees may only be authorized as providedin s. 191.009(4)." (e.s.)
Thus, while section 191.006(11), Florida Statutes, provides for the district's authority to charge user and impact fees, it restricts the imposition of impact fees by the district to that authorized in section 191.009(4), Florida Statutes.
Section 191.009(4), Florida Statutes, states:
"IMPACT FEES. — If the general purpose local government has not adopted an impact fee for fire services which is distributed to the district for construction within its jurisdictional boundaries, and the Legislature has authorized independent specialfire control districts to impose impact fees by special act orgeneral law other than this act, the board may establish a schedule of impact fees in compliance with any standards set by general law for new construction to pay for the cost of new facilities and equipment, the need for which is in whole or in part the result of new construction. The impact fees collected by the district under this subsection shall be kept separate from other revenues of the district and must be used exclusively to acquire, purchase, or construct new facilities or portions thereof needed to provide fire protection and emergency services to new construction. As used in this subsection, "new facilities" means land, buildings, and capital equipment, including, but not limited to, fire and emergency vehicles, radiotelemetry equipment, and other firefighting or rescue equipment. The board shall maintain adequate records to ensure that impact fees are expended only for permissible new facilities or equipment. The board may enter into agreements with general purpose local governments to share in the revenues from fire protection impact fees imposed by such governments." (e.s.)
As you note, a fire control district's authority to impose impact fees is conditioned on two factors: 1) the general purpose local government has not adopted an impact fee which is distributed to the district, and 2) the Legislature has authorized the independent fire control district to impose impact fees by special act or general law other than this act, i.e., Chapter 191, Florida Statutes. An examination of the legislative history surrounding the enactment of the Independent Special Fire Control District Act supports such a conclusion.[6]
You have not advised this office of any provision in either its enabling legislation or general law other than Chapter 191, Florida Statutes, which authorizes the Holley-Navarre Fire Control District to impose impact fees.
Accordingly, I am of the opinion that section 191.009(4), Florida Statutes, does not authorize the Holley-Navarre Fire Protection District to levy impact fees in the absence of any other statutory authorization.
Question Two
This office has been advised that Santa Rosa County joins in the Holley-Navarre Fire Protection District's request for an opinion.
As you note, section 191.009(4), Florida Statutes, implies that a general purpose local government, such as a county, could adopt an impact fee for fire services which is distributed to a fire protection district for construction within its jurisdictional boundaries.[7]
The Supreme Court of Florida has upheld the imposition of impact fees to pay for the expansion of such facilities as water and sewer facilities. For example, in Contractors and BuildersAssociation of Pinellas County v. City of Dunedin,[8] the Court stated:
"Raising expansion capital by setting connection charges, which do not exceed a Pro rata share of reasonably anticipated costs of expansion, is permissible where expansion is reasonably required, If [sic] use of the money collected is limited to meeting the costs of expansion."
In City of Dunedin, the Court set forth the test to be applied to test the validity of a locally imposed "impact fee." Such an impact fee must meet the following test: (1) New development must require that the present system of public facilities be expanded; (2) the fees imposed on users must be no more than what the local governmental unit would incur in accommodating the new users of the system; and (3) the fees must be expressly earmarked and spent for the purposes for which they were charged.
The use of impact fees has become an accepted method of paying for public improvements that must be constructed to serve new growth.[9] The use of such fees to pay for the expansion of a fire protection system to serve new growth would appear to be permissible provided that the conditions for imposition of an impact fee are met.
Moreover, the courts of this state and this office have recognized that county funds may be expended for projects that serve a dual governmental purpose.[10] For example, in Attorney General Opinion 89-84, this office stated that a county, after determining that a county purpose would be served, was authorized to financially assist the special district created to provide countywide ambulance service. In Attorney General Opinion 90-78 it was concluded that a county could propose a millage increase above the 10 mill cap to fund capital outlays by the local community college, if it is determined that such an expenditure furthers a county purpose. The determination, however, of whether an expenditure serves a county purpose, albeit a dual purpose, must be made by the governing body of the county.[11]
Accordingly, while it appears that a properly imposed impact fee for fire protection may be imposed by a county and may be distributed to a fire control district under certain conditions, the determination of whether the imposition of such an impact fee is warranted and whether a dual county-district purpose exists is one which the board of county commissioners, as the legislative head of the county, must make.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ch. 80-603, Laws of Florida, as amended by Ch. 81-485, Laws of Florida. And see, s. 15(1), Ch. 80-603, Laws of Florida, requiring approval of the act by the district electors. Chapter 80-603, Laws of Florida, creating the Holley-Navarre Fire Protection District, became effective upon approval by a majority of the qualified electors participating in a referendum held in November 1980.
[2] Section 5(1) and (2), Ch. 80-603, Laws of Florida. And see,
s. 15(2), Ch. 80-603, Laws of Florida, stating that any assessments levied under and pursuant to the provisions of subsection 5 of the act shall take effect upon approval of the act by the qualified electors residing within the territorial limits of the district as provided in s. 15(1), Ch. 80-603, supra.
[3] See, s. 191.001, Fla. Stat.
[4] Section 191.002, Fla. Stat.
[5] See, s. 191.004, Fla. Stat., which provides:
"It is the intent of the Legislature that the provisions of this act supersede all special act or general law of local application provisions which contain the charter of an independent special fire control district and which address the same subjects as this act, except as such acts or laws address district boundaries and geographical subdistricts for the election of members of the governing board. However, this act does not require any modification to district financing or operations which would impair existing contracts, including collective bargaining agreements, debt obligations, or covenants and agreements relating to bonds validated or issued by the district. Further, this act does not repeal any authorization within a special act or general law of local application providing for the levy and assessment of ad valorem taxes, special assessments, non-ad valorem assessments, impact fees, or other fees or charges by a district."
[6] See, House of Representatives Committee on Community Affairs Bill Analysis Economic Impact Statement on HB 1741, dated March 13, 1997, p. 3, stating that the bill would provide uniformity and standards to the "[a]uthority and procedures to assess non-ad valorem assessments, user charges and impact fees when theLegislature has authorized impact fees and the local government does not have an established impact fee for fire services." (e.s.)And see, Bill Analysis, supra at 10, stating that the "board may establish a schedule of impact fees, if: (1) the general-purpose local government has not adopted an impact fee for fire services; and (2) the Legislature has authorized the imposition of impact fees by special act or general law other than this act."
[7] See, s. 191.009(4), Fla. Stat., stating that if the general purpose local government has not adopted an impact fee for fire services which is distributed to the district for construction within its jurisdictional boundaries, then the district may do so provided the Legislature has authorized such an impact fee to be imposed by the district.
[8] 329 So.2d 314, 320 (Fla. 1976).
[9] See, Home Builders and Contractors Association of Palm BeachCounty, Inc. v. Board of County Commissioners of Palm BeachCounty, 446 So.2d 140 (Fla. 4th DCA 1983), pet. for rev. den.,451 So.2d 848 (Fla. 1984), appeal dismissed, 469 U.S. 976,105 S.Ct. 376, 83 L.Ed.2d 311 (1984) (road impact fees upheld);Hollywood, Inc. v. Broward County, 431 So.2d 606 (Fla. 4th DCA 1983), pet. for rev. den., 440 So.2d 352 (Fla. 1983) (park impact fees upheld); St. Johns County v. Northeast Florida BuildersAssociation, Inc., 583 So.2d 635 (Fla. 1991).
[10] And see, Op. Att'y Gen. Fla. 94-22 (1994) (county may loan funds to municipal services benefit unit upon finding that projects serve a county purpose or a dual county and special district purpose); Amos v. Mathews, 126 So. 308 (Fla. 1930) (state money may be appropriated to assist the counties with reference to the construction and maintenance of roads and bridges when such roads and bridges serve a dual state and county purpose).
[11] See, Ops. Att'y Gen. Fla. 94-22 (1994); 89-84 (1989) (county must make appropriate legislative determinations as to the purpose of a project and the benefits accruing to the county).